FILED

JAN 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAWN E. SAMPLES,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

Defendant - Appellee.

No. 10-35586

D.C. No. 3:09-cv-06152-JO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, Senior District Judge, Presiding

Argued and Submitted November 18, 2011
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

Dawn Samples appeals the district court's judgment affirming the denial of

disability benefits by the Commissioner of the Social Security Administration. We

vacate in part and affirm in part, and remand for further proceedings.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's order upholding a decision by the Social Security Commissioner that denies benefits to an applicant. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Samples challenges the Administrative Law Judge's (ALJ) assessment of her residual functional capacity (RFC), specifically his failure to incorporate a finding made by Dr. James Wahl on a "check-off" form that Samples is moderately to markedly limited in her "ability to accept instructions and respond appropriately to criticism from supervisors." "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Here, the ALJ erred by not including all of Samples' limitations in his assessment of her RFC. In particular, the ALJ's assessment improperly ignored Dr. Wahl's description and diagnoses of a functional limitation on Samples' ability to accept instructions from supervisors and to respond appropriately to criticism from supervisors, rendering the RFC defective. *See Valentine*, 574 F.3d at 690.

This limitation was not covered by the language in the RFC discussing Samples' general difficulty with taking criticism in the workplace.

Because the RFC was defective, the hypothetical question that the ALJ posed to the vocational expert regarding Samples' ability to find work in the national economy was also defective and must be reformulated on remand to include all of Samples' limitations. *See*, *e.g.*, *id.*; *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

The ALJ was required to consider Samples' impairments in combination throughout the disability determination process and determine if her impairments met or equaled one of the listed impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1523; *see also Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995). The record reflects that the ALJ did so, even if he did not discuss explicitly the interaction between her physical impairments and her mental impairments. The ALJ not only noted that he was required to consider her impairments in combination, but stated explicitly in two places that he had done so. Additionally, Samples did not meet her burden of showing that her impairments, alone or in combination, equal or meet one of the listed impairments. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Therefore, the ALJ was not required to discuss how the combined effects of Samples' impairments might meet or equal

a listing. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). We affirm the district court's holding that this argument lacks merit.

The district court is directed to remand this case to the Commissioner for proceedings consistent with this memorandum disposition. The parties shall bear their own costs on appeal.

AFFIRMED in part, VACATED in part, and REMANDED.